GIBSON, DUNN & CRUTCHER LLP
Christopher Chorba (SBN 216692)
CChorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7000
Fax: 213-229-7520

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MILLER, Individually and behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>AMTRUST FINANCIAL SERVICES, INC., BARRY D. ZYSKIND, and RONALD E. PIPOLY, JR.,<br><br>       Defendants. | Case No. 2:17-cv-01608-CAS-FFM<br><br>**DEFENDANTS' STATEMENT REGARDING THE AMTRUST INVESTOR GROUP'S MOTION TO CONSOLIDATE RELATED CLASS ACTIONS**<br><br>Hearing<br>Date:    June 5, 2017<br>Time:    10:00 a.m.<br>Place:   Courtroom 8D<br><br>Action filed:  February 28, 2017 |

Gibson, Dunn &
Crutcher LLP

1   Defendants AmTrust Financial Services, Inc., Barry D. Zyskind, and Ronald E.

2   Pipoly, Jr. (collectively, "Defendants") respectfully submit this statement regarding the

3   pending motion by Plaintiffs Richard Dunlap, Irving Lichtman Revocable Living

4   Trust, Jupiter Capital Management, Merkur Family, and Michael Stango (collectively,

5   the "AmTrust Investor Group") (Dkt. 25) to consolidate this case with two

6   substantially similar federal securities class action lawsuits pending before Judge

7   Lewis A. Kaplan in the Southern District of New York (*Joel Rubel v. AmTrust Fin.*

8   *Servs., Inc., Barry D. Zyskind, and Ronald E. Pipoly, Jr.*, No. 17-cv-01545 (LAK)

9   (S.D.N.Y. Mar. 1, 2017), and *John Sachetti v. AmTrust Fin. Servs., Inc., Barry D.*

10   *Zyskind, and Ronald E. Pipoly, Jr.*, No. 17-cv-02001 (LAK) (S.D.N.Y. Mar. 20,

11   2017)).

12   As an initial matter, Defendants agree that all three of the pending complaints

13   should ultimately be consolidated.  The pending complaints contain overlapping class

14   definitions, assert substantially similar legal claims against Defendants, seek to certify

15   overlapping putative nationwide classes, and involve the same core contentions.  To

16   that end, Defendants intend to move this Court later this week to transfer this case to

17   the Southern District of New York pursuant to 28 U.S.C. § 1404(a), where it should be

18   consolidated with the two substantially similar cases currently pending in front of

19   Judge Kaplan.[1]  The AmTrust Investor Group's motion does not say where they seek to

---

[1] The Southern District of New York is also where another case against Defendants is pending,  which arises out of the same nucleus of operative facts and is brought pursuant to Sections 11 and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k and 77(o)).  *See Sharon Albano v. AmTrust Fin. Servs., Inc., Barry D. Zyskind, Ronald E. Pipoly, Jr., Donald T. DeCarlo, Susan C. Fisch, Abraham Gulkowitz, George Karfunkel, and Jay J. Miller*, No. 17-cv-03154 (LAK) (S.D.N.Y. Apr. 28, 2017). The *Albano* plaintiffs have referred to Judge Kaplan that case too as  related to *Rubel* and *Sachetti*, and Defendants anticipate he will accept it as well.

In addition, three related derivative actions have been filed:  *Lily Ding v. Barry Zyskind, Ronald E. Pipoly, Jr., Donald DeCarlo, Susan Fisch, Abraham Gulkowitz, George Karfunkel, Leah Karfunkel, Raul Rivera, and AmTrust Fin. Servs., Inc.*, No. 17-cv-00433 (GMS) (D. Del. Apr. 19, 2017); *David Shaev Profit Sharing Plan v. Donald T. DeCarlo, Susan Fisch, Abraham Gulkowitz, Jay J. Miller, Michael Karfunkel, Ronald E. Pipoly, Jr., Barry Zyskind, and AmTrust Fin. Servs., Inc.*,

[Footnote continued on next page]

consolidate the overlapping actions, but as will be described in greater detail in Defendants' forthcoming Motion to Transfer, given that the parties, witnesses, and evidence are primarily located in New York, and that two substantially similar actions are already pending there in front of the same district judge, transfer to the Southern District of New York is most appropriate pursuant to Section 1404(a).

Defendants respectfully submit that their Motion to Transfer should be heard before any Rule 42 consolidation motion.  That Rule only permits actions within a *single* court to be consolidated.  Fed. R. C. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . ."); *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (under Rule 42 "[t]he district court has broad discretion . . . to consolidate cases pending in the *same district*");  *Town of Warwick v. New Jersey Dep't of Envt'l Protection*, 647 F.Supp. 1322, 1324 (S.D.N.Y. 1986) (finding consolidation under Rule 42 is inapplicable when cases are pending in different districts); Wright & Miller, Federal Practice and Procedure: Civil § 2382 (3d ed. 2008) ("Actions pending in different districts *may not be consolidated under Rule 42*.") (all emphases added).

Though the Private Securities Litigation Reform Act of 1995 presumes that substantially similar securities class action lawsuits will be consolidated, *see* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (2012), related cases in different jurisdictions may only be consolidated *after* transfer has been effectuated pursuant to 28 U.S.C. § 1404, the authorizing statute that permits a district court to transfer any civil action to any other district "for the convenience of the parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).  Thus, while the "feasibility of consolidation" with

---

[Footnote continued from previous page]

Index No. 652273/2017 (N.Y.S. Apr. 27, 2017); *West Palm Beach Police Pension Fund v. Barry D. Zyskind, George Karfunkel, Leah Karfunkel, Abraham Gulkowitz, Donald T. DeCarlo, Susan C. Fisch, Raul Rivera, Ronald E. Pipoly, Jr., and AmTrust Fin. Servs.*, Inc., No. 1:17-cv-00553 (D. Del. May 11, 2017).

actions "pend[ing] . . . in another district" is a significant factor in a court's transfer decision (*see A.J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974)), Plaintiff AmTrust Investor Group has improperly attempted to seek consolidation prior to any transfer being sought or effectuated.

As such, Defendants respectfully request that unless this Court transfers this action *sua sponte* to the Southern District of New York, it should defer a ruling on AmTrust Investor Group's motion to consolidate (and the pending lead plaintiff motions) until after it decides the imminent motion to transfer that will be filed later this week.

Dated:  May 22, 2017

GIBSON, DUNN & CRUTCHER LLP

By:  _____/s/ Christopher Chorba_____
Christopher Chorba

Attorneys for Defendants AmTrust Financial Services, Inc., Barry D. Zyskind, and Ronald E. Pipoly, Jr.

Gibson, Dunn & Crutcher LLP